Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>FÉLIX RUIZ DENIS<br><br>Peticionario | TA2026CE00643 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.<br>A BD2025G0028 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de mayo de 2026.

Comparece la parte peticionaria, el señor Félix Ruiz Denis, por derecho propio, solicita la revocación de la denegatoria de revisión a su pena de cárcel por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Visto el contenido del expediente, prescindimos de términos y de la comparecencia de la Oficina del Procurador General. Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

**-I-**

Examinado el recurso, notamos que, adolece de varios defectos en torno a los requisitos establecidos en el Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), para la presentación eficaz de un recurso de *certiorari*. El recurso presentado incumple con la mayoría de los requisitos enumerados en la Regla 34 del Reglamento de este tribunal, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). No incluye un índice con las autoridades citadas ni contiene las disposiciones legales que establecen la jurisdicción, y competencia de este tribunal.

Tampoco incluye referencia a la decisión cuya revisión solicita, o a cualquier moción, resolución, u orden mediante las cuales quedara interrumpido, y reanudado el plazo para presentar oportunamente el recurso ante esta curia. Inclusive, el recurso carece de una relación fiel y concisa de los hechos procesales y materiales del caso, y el señalamiento, o señalamientos de error, que, a su juicio fueron cometidos por el foro de primera instancia. El peticionario omitió, además, una discusión adecuada de "errores" en las acciones del tribunal apelado. En fin, las omisiones del peticionario respecto a la presentación y perfeccionamiento de su recurso apelativo impiden ejercer nuestra función revisora, y entrar en los méritos del recurso promovido.

### -II-

La jurisdicción es el poder o autoridad que posee el tribunal para considerar y decidir un caso o controversia. *Horizon Media Corp. v. Junta Revisora de Permisos*, 191 DPR 228, 233 (2014). A falta de jurisdicción, el tribunal carece de facultad legal para dirimir el problema planteado. Por tanto, si un tribunal determina que carece de jurisdicción, es su deber desestimar el recurso ante su consideración sin entrar en los méritos de la cuestión ante sí. *González Santos v. Bourns P.R.,* Inc., 125 DPR 48, 63 (1989). Las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos presentados ante la consideración del Tribunal Supremo y el Tribunal de Apelaciones. *M-Care Compounding v. Dpto. de Salud*, 186 DPR 159, 176 (2012). De entrada, señalamos que para que este Tribunal pueda revisar una decisión del Tribunal de Primera Instancia es esencial que el promovente acompañe copia del documento que recoge la decisión cuya revisión solicita. *Pueblo v. Rodríguez*, 167 DPR 318, 324 (2006).

El Reglamento del Tribunal de Apelaciones, *supra*, exige que, toda solicitud de *certiorari* presentada ante su consideración, incluya un apéndice con una copia literal de la decisión del foro primario y de la notificación de su archivo en autos. *Pueblo v. Pacheco Armand*, 150 DPR 53, 58 (2000). Las Reglas 33 y 34 del referido reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), establecen los requisitos de presentación, notificación y contenido con los que deben cumplir los peticionarios para el perfeccionamiento de un recurso de *certiorari*. Las partes o el foro apelativo no pueden soslayar injustificadamente el cumplimiento del Reglamento del Tribunal de Apelaciones, *supra*. *Morán v. Martí*, 165 DPR 356, 363-364 (2005). Además, el Tribunal Supremo ha señalado que la marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Como axioma de ese principio, es norma conocida que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto v. Uno Radio Group*, 189 DPR 84, 90 (2013).

La Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso por cualquiera de las siguientes circunstancias:

(A) ...

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) **que el Tribunal de Apelaciones carece de jurisdicción**;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente. (Énfasis nuestro.)

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, faculta a este Tribunal a iniciativa propia desestimar un recurso cuando concluya que carece de jurisdicción para atenderlo.

### -*III*-

El recurso presentado por el peticionario incumple con las disposiciones reglamentarias correspondientes a la presentación eficaz y completa de un *certiorari* ante el Tribunal de Apelaciones. Regla 34 del Tribunal de Apelaciones, *supra*. En específico, no incluyó copia de la determinación final cuya revisión solicita, privándonos de ejercer nuestra facultad revisora. Además, el peticionario no acompañó su escrito con copia de las alegaciones, mociones, resoluciones u órdenes necesarias para determinar que su recurso de *certiorari* fue presentado dentro del término dispuesto en nuestro reglamento. Podemos colegir de su escrito que el peticionario solicita una modificación o corrección a su sentencia. Sin embargo, el peticionario no acompañó su recurso con copias de los escritos, órdenes u resoluciones relacionadas a su petitorio. En otras palabras, el peticionario no incluyó la documentación e información necesaria para que este tribunal pueda evaluar los méritos de su recurso apelativo.

Reconocemos que, la Ley de la Judicatura de 2003, 4 LPRA sec. 24 *et. seq.*, persigue ofrecer acceso fácil, económico y efectivo a la ciudadanía al Tribunal de Apelaciones, así como permitir la comparecencia efectiva de los litigantes por derecho propio. *Fraya, S.E. v. A.C.*, 162 DPR 182, 189-190 (2004); L. F. Estrella Martínez, *Acceso a la Justicia: Derecho Humano Fundamental*, San Juan, Ed.

Situm, 2017, págs. 66-72. No obstante, el que la parte con interés comparezca por derecho propio, no le exime de cumplir con las normas que rigen la presentación de los recursos apelativos. En *Febles v. Romar Pool Construction*, 159 DPR 714, 722 (2003), el Tribunal Supremo dispuso que, "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

Toda parte interesada, incluso la que comparece por derecho propio, debe cumplir con las disposiciones reglamentarias establecidas para la presentación eficaz de los recursos apelativos. Ello implica cumplir con los requisitos de forma y los requisitos sustantivos. Las normas antes referidas sirven un sinnúmero de fines esenciales en nuestro ordenamiento jurídico. Entre ellos, garantizar que el tribunal revisor tenga la autoridad legal para determinar la corrección de los dictámenes emitidos por el Tribunal de Primera Instancia y lograr atender de forma rápida y eficiente los recursos debidamente presentados por las partes.

El incumplimiento con las normas jurídicas aplicables para la presentación y perfeccionamiento del recurso ante nuestra consideración nos priva de jurisdicción para atenderlo. Lo anterior, exige la desestimación del presente recurso. Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra.*

### *-IV-*

Por los fundamentos antes expuestos, lo cuales hacemos formar parte de este dictamen, *desestimamos* el recurso promovido por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones